## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keywon Dortch,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

November 13, 2015

Court of Appeals Case No.
79A02-1504-CR-250

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1308-FC-47

**Brown, Judge.**

[1] Keywon Dortch appeals his sentence for forgery as a class C felony and resisting law enforcement as a level 6 felony. Dortch raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offenses and the character of the offender. We affirm.

## Facts and Procedural History

[2] On April 8, 2013, Dortch along with two other individuals, made and presented counterfeit United States currency at, among other locations, a Tippecanoe County McDonald's restaurant, in an attempt to gain value for the fake currency. On August 15, 2013, the State charged Dortch with Count I, conspiracy to commit forgery as a class C felony; Count II, forgery as a class C felony; Count III, forgery as a class C felony; and Count IV, counterfeiting as a class D felony, in Cause No. 79D02-1308-FC-47 ("Cause No. 47").

[3] On October 21, 2014, while out on bond on Cause No. 47, Dortch fled from law enforcement officers who were attempting to serve an outstanding arrest warrant on him for failure to appear in court. While fleeing, Dortch caused one of the officers to lose his balance and fall backwards into a brick wall, which caused scrapes and abrasions on the officer's hands. Dortch was charged with resisting law enforcement as a level 6 felony under Cause No. 79D05-1410-F6-110 ("Cause No. 110") along with false informing as a class B misdemeanor.

[4] On February 6, 2015, Dortch and the State entered into a plea agreement in which Dortch agreed to plead guilty to forgery as a class C felony under Count II and resisting law enforcement as a level 6 felony under Count V, which was

added that same day to the charging information filed under Cause No. 47, and in exchange the State agreed to dismiss the other charges under Cause No. 47 as well the remaining charge under Cause No. 110, and a charge under Cause No. 79D06-1310-CM-1639. The court accepted the plea agreement and took Dortch's pleas of guilty and the plea agreement under advisement until sentencing.

[5] On March 27, 2015, the court held a sentencing hearing. At sentencing, the trial court stated, as to Dortch's actions during the pendency of Cause No. 47, which culminated in his arrest for resisting law enforcement, that Dortch failed to "show to the Court that you are not going to go out [and] commit crimes any further. But you didn't do any of that here, so that's the overriding concern I have in this particular case. And will probably be the reason for the sentence I will be imposing." Transcript at 52. The trial court found Dortch's criminal history as a juvenile, which it characterized as "a bit of a violent history with assault type charges," and that Dortch was "arrested on charges while out on bond on his case and you ran" and "stayed hidden for eight months," as aggravating circumstances. *Id.* at 52, 53. The court found Dortch's guilty plea, his "lesser role" in the forgery offense, and his work history as mitigators. *Id.* at 54. It did not find that imprisonment would be a hardship on his children and stated that "these children were conceived . . . while you're out on bond" and that Dortch had not "indicated necessarily a pattern of supporting these children." *Id.* The court also stated, as to Dortch's "youthful age" and his high school education, that he should "know what's right and wrong and [] should

have had the will to step up and say I'm not doing this," and the court did not find his age and education to be mitigating circumstances. *Id.* The court further found that Dortch was entitled to "some credit" for his work history as a mitigating circumstance and concluded that "the mitigators and the aggravators balance each other out." *Id.* The trial court sentenced Dortch to four years on Count II and one year on Count V to be served consecutively for an aggregate sentence of five years. The trial court ordered that Dortch serve two years of his sentence in the Department of Correction ("DOC") and two years in the Tippecanoe County Community Corrections program, with one year suspended to probation. The court dismissed the remaining charges pursuant to the plea agreement.

## *Discussion*

[6] The issue is whether Dortch's sentence is inappropriate in light of the nature of the offenses and the character of the offender.[1] Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the

---

[1] To the extent Dortch suggests that the trial court failed to identify aggravating and mitigating circumstances, we observe that the trial court specifically found Dortch's prior criminal history as an aggravator, his plea of guilty, expression of remorse, lesser role in the crime, leading a law-abiding life for a substantial period of time, and his work history as mitigators, and that the aggravator and mitigators "balance each other out." Transcript at 55. Dortch's argument is, in essence, a request for this court to reweigh the aggravator and mitigators, which we may not do. *See Anglemeyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) (holding that the relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse of discretion), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] Regarding the nature of the offenses, Dortch argues that he had minimal involvement in passing the counterfeit bills and asserts that the court made "no comment" as to the offense of resisting law enforcement. Appellant's Brief at 8. As to the character of the offender, Dortch argues that he had no adult arrests or adjudications, and concedes that his juvenile adjudications constitute an aggravating circumstance but not "a substantial aggravating circumstance." *Id.* at 9. He acknowledges that he "failed to appear for a hearing, and was out on a warrant at the time of the second arrest," but points out that he graduated from high school, had an extensive and ongoing work history, has two young children for whom his sentence "works a hardship," and pled guilty to the offenses. *Id.* at 9, 10.

[8] Our review of the nature of the offenses reveals that on April 8, 2013, Dortch, along with two other individuals, made counterfeit United States currency and presented it at several locations in an effort to obtain value for the fake currency. Dortch acknowledged at the guilty plea hearing that when he presented the currency at McDonald's he was aware the currency was fake. He acknowledged at the sentencing hearing that he attempted to pass the fake currency at other local businesses. While Dortch was out on bond, on October 21, 2014, he knowingly fled from uniformed law enforcement officers who were attempting to serve outstanding arrest warrants for his failure to appear in court.

During his flight, Dortch caused an officer to lose his balance and fall backwards into a brick wall, resulting in scrapes and abrasions on the Officer's hands.

[9]  Our review of the character of the offender reveals that, pursuant to a plea agreement, Dortch pled guilty to two charges and the State dismissed Dortch's remaining charges. According to the presentence investigation report ("PSI"), Dortch's juvenile history includes adjudications as a delinquent child in Tippecanoe County for disorderly conduct in 2004 and again for disorderly conduct in 2005. He was also adjudicated a delinquent child in Iowa in 2007 for disorderly conduct, assault causing bodily injury, and assault. The PSI further shows that while his case was pending, Dortch was charged with operating a motor vehicle without ever receiving a license in October 2013, and for resisting law enforcement and false informing in October 2014, and that these charges were dismissed in exchange for his pleas of guilty to Counts II and V. The court also noted that Dortch's children were conceived while he was out on bond and that he had not indicated a pattern of supporting the children. Also, while Dortch was free on bond and was wanted on a warrant under Cause No. 47, he traveled out of state to Wisconsin. At sentencing, the court characterized Dortch's actions which led to his arrest for resisting law enforcement during the pendency of Cause No. 47 as "disregard[]" for his "obligation[] to show up here at this Court," demonstrating that Dortch lacked respect for the law. Transcript at 51.

[10] After due consideration, we conclude that Dortch has not sustained his burden of establishing that his five-year sentence with two years to be served in the DOC, two years to be served in the Tippecanoe County Community Corrections program, and one year suspended to probation is inappropriate in light of the nature of the offenses and his character.

## *Conclusion*

[11] For the foregoing reasons, we affirm Dortch's aggregate sentence of five years for forgery as a class C felony and resisting law enforcement as a level 6 felony.

[12] Affirmed.

Riley, J., and Altice, J., concur.